IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA



MAR 31 2011

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

EZEKIEL DAVIS, )
)
Plaintiff, )
)
v. ) No. CIV 09-466-RAW-SPS
)
CORRECTIONS CORPORATION )
OF AMERICA, et al., )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motions to dismiss or for summary judgment. The court has before it for consideration plaintiff's complaint, the parties' motions and responses, and special reports prepared by the Oklahoma Department of Corrections (DOC) and Davis Correctional Facility (DCF) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of DOC who is incarcerated at Oklahoma State Reformatory in Granite, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking compensatory and punitive damages for alleged constitutional violations during his incarceration at DCF. The defendants are Corrections Corporation of America; DCF Warden Jim Keith; DCF Unit Manager Sada Jones; Chief Cotton, DCF Chief of Security; the Oklahoma Department of Corrections; Johnny Blevins, DOC Director of Internal Affairs; Robert Hert; and Rebecca Adams, DCF Secretary and Grievance

Coordinator.[1]

Plaintiff alleges that on or about May 28, 2009, he was moved to a cell with Inmate Radford Maybery who has mental problems, and after a few weeks, Maybery made sexual advances toward plaintiff. Plaintiff told Maybery never to approach him again, and plaintiff submitted an Informal Resolution and Request to Staff. Plaintiff reported to DCF officials that Maybery had talked about killing himself and that Maybery said he dreamed he killed plaintiff. The officials, however, forced plaintiff to remain in the cell with Maybery in danger and under duress for three months, despite the fact that Maybery has HIV or AIDS. Plaintiff asserts the defendants did not allow him to exhaust his administrative remedies for his claims.

On October 5, 2009, after plaintiff was moved from Maybery's cell, plaintiff wrote to Maybery's subsequent cellmate, warning of Maybery's HIV or AIDS status. On October 28, 2009, Maybery learned of the warning and falsely reported to Defendant Unit Manager Sada Jones that plaintiff had raped him. Jones questioned plaintiff, and plaintiff told her he had not had any sexual contact with Maybery. Plaintiff alleges the defendants placed him with Maybery in retaliation for plaintiff's prior litigation and in an attempt to affect plaintiff's chance for parole or transfer to a lower security prison. He believes there will be a cover-up of the fact that he requested to be moved from Maybery's cell three months before Maybery made the rape accusation.

Plaintiff also alleges he was placed under investigation by DOC Internal Affairs, and his incoming and outgoing mail has been withheld, because of the rape accusation. He

---

[1] Defendant Robert Hert has not been served.

believes Defendant Blevins conspired with Defendant Justin Jones and DCF officials. In addition, he claims the DCF officials were deliberately indifferent toward him when he complained that Maybery was dangerous, but the same officials quickly reacted to Maybery's claim that plaintiff had raped him.

The DCF special report states that when plaintiff arrived at the facility, the maximum security housing unit was not at full capacity, and inmates could choose whether to be placed in a single cell or to have a cellmate. Plaintiff initially occupied a cell by himself, but as the housing unit received more inmates, double occupancy became necessary for the entire unit. Inmates were offered an opportunity to request a specific cellmate by submitting a Request to Staff (RTS) form and a Housing Request signed by both inmates. The defendants assert plaintiff submitted such requests, asking that Radford Maybery be assigned as his cellmate. Inmate Maybery signed off on the request and was reassigned to plaintiff's cell.

On or about June 24, 2009, Defendant Sada Jones received a RTS from plaintiff. Pursuant to DCF policy, a RTS is supposed to set forth only one issue, but plaintiff's form contained a number of issues, including a change in his yard time, a request for orientation, legal mail issues, gang pay issues, and his security level. The RTS also included a claim that his cellmate was talking of killing himself and of dreaming about killing plaintiff, so Jones went directly to the cell and spoke with plaintiff. She asked if he wanted to be moved from the cell, but plaintiff said the problems with his cellmate had been resolved. Jones states by affidavit that she repeatedly questioned plaintiff about moving, but he declined. She, therefore, discarded the RTS and did not respond to plaintiff in writing. Jones further states that after her June 24, 2009, conversation with plaintiff, he said nothing further to her about wanting to be moved to different cell, and he did not file a separation request regarding

Inmate Maybery. During September 2009, however, Inmate Maybery asked to be moved to a different cell, and the request was granted.

One of plaintiff's complaints is that he was denied access to prison administrative remedies. The procedure for exhausting administrative remedies is set forth in DOC Policy OP-090124, "Offender Grievance Process," effective September 8, 2009. An inmate first must attempt to resolve his complaint informally within three days of the incident. If that is unsuccessful, he may submit a RTS within seven calendar days of the incident, raising only one issue in each RTS. If the complaint still is not resolved, he then may file a grievance with the facility head or the medical director (for medical issues) within 15 calendar days of the incident, or the date of the response to the RTS, whichever is later. If the grievance also does not resolve the issue, the inmate may appeal to the DOC Administrative Review Authority or the Chief Medical Officer, whichever is appropriate, within 15 calendar days of receipt of the reviewing authority's response or any amended response. The administrative process is exhausted only after all of these steps have been taken.

The DCF defendants have attached plaintiff's 2009 grievance records. He filed five grievances: 09-090, concerning legal materials and a request for a single cell; 09-091, asking to be moved, because his cellmate had HIV; 09-134, concerning a request to be moved to another cell and responses to his Informal Resolutions; 09-208, concerning medical treatment; and 09-241, also concerning medical treatment. Grievances 09-090, 09-091, and 09-134 were returned to him for corrections. Grievance 09-208 was answered on November 2 and November 3, 2009. Grievance 09-241 was returned to plaintiff on December 8, 2009, as untimely.

The special report by the DOC and Defendant Johnny Blevins indicates that on

4

October 27, 2009, plaintiff filed Grievance 09-801 with the Administrative Review Authority, regarding allegations that DCF officials were circumventing policy and impeding his access to the grievance process. He also claimed he had submitted Requests to Staff regarding denial of medical and legal services, inadequate showers, double celling with someone he did not know, and the practice of handcuffing inmates behind their backs. The Administrative Review Authority returned the grievance to plaintiff unanswered on November 4, 2009, because he had failed to fill out the proper forms at the facility level to resolve the issue informally. He did not correct and resubmit the grievance to the Administrative Review Authority within the ten days allowed for corrections. In addition, plaintiff's DCF grievances 09-090 and 09-091 were not submitted to the Administrative Review Authority after DCF staff returned them to plaintiff for corrections.

Plaintiff submitted a letter to DOC Private Prison Administrator Renee Watkins on October 14, 2009, claiming he was not receiving responses to his Requests to Staff, resulting in the return of his grievances as incorrectly submitted. He also requested medical treatment for a bump on his face. Numerous attachments were attached to the letter, including DCF Grievance 09-91. Administrator Watkins responded by advising plaintiff how to proceed when a RTS is not answered and by informing him that he was scheduled to be seen by Dr. Sanders.

Defendant DOC Internal Affairs Administrator Johnny Blevins received a letter from plaintiff dated October 29, 2009, regarding his cell partner Radford Maybery and the events leading up to Maybery's allegation that plaintiff had sexually assaulted him. Blevins responded with a letter to plaintiff advising that plaintiff's letter had been forwarded to Agent Robert Hert for inclusion in the investigation. Blevins has submitted an affidavit stating he

has not conspired or attempted to conspire with anyone against plaintiff concerning his litigation, to prevent plaintiff from making parole, or to retain plaintiff at maximum security. He further states he has not covered up or attempted to cover up any actions regarding plaintiff.

Internal Affairs Investigator Robert Hert states by affidavit that he first became aware of plaintiff on October 29, 2009, when the facility reported Radford Maybery's allegation of sexual assault. Hert was the investigator of the incident, but he did not conspire or attempt to conspire against plaintiff, and he did not cover up or attempt to cover up any actions regarding plaintiff.

DOC Director Justin Jones states by affidavit that he had no knowledge of plaintiff's placement into a cell with Radford Maybery, or of plaintiff's June 24, 2009, request to Sada Jones to be moved from the cell he shared with Maybery. Director Jones denies conspiring with or attempting to conspire with anyone against plaintiff regarding plaintiff's litigation, and he states he has not covered up or attempted to cover up any actions concerning plaintiff.

The defendants allege plaintiff did not properly exhaust his administrative remedies for his claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v.*

*Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds, Jones v. Bock*, 549 U.S. 199 (2007).

The record shows that plaintiff did not complete the administrative process by correcting his returned grievances and proceeding to the DOC Administrative Review Authority or the Chief Medical Officer, as appropriate. Furthermore, plaintiff failed to initiate or complete the grievance process regarding any claims against DOC or Blevins. Therefore, the claims in his complaint are unexhausted.

Plaintiff also has filed three motions for temporary restraining orders. Plaintiff complains in his first motion [Docket No. 51] that the DCF Trust Fund Officer sent the court too much money for his filing fees, and the staff members read his legal mail, delayed his copies, placed handcuffs on him too tightly, interfered with his attempts to exhaust administrative remedies, discontinued his blood pressure medication, and insinuated plaintiff is gay. He does not ask for specific relief, but the court assumes he is asking the order to stop the alleged harassment by DCF staff.

Plaintiff complains in the second motion [Docket No. 60] that on July 21, 2010, he was escorted inside from the recreation yard, when DCF Correctional Officers Mowers, Joiner, and Dodson used excessive force against him. He again alleged he was being harassed by DCF officials.

The court notes that Correctional Officers Mowers, Joiner, and Dodson are not parties to this action. Furthermore, plaintiff was transferred to Oklahoma State Reformatory after filing the first two motions. Because he has been transferred to another facility, the court

7

finds his first two motions for injunctive relief are moot. *See Green v. Branson*, 108F.3d 1296, 1299-1300 (10th Cir. 1997) (citing *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345 (10th Cir. 1994)). *See also Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991); *White v. State*, 82 F.3d 364, 366 (10th Cir. 1996).

In the third motion for a temporary restraining order [Docket No. 65], plaintiff alleges he has been harassed by DOC staff, since his transfer from DCF. He complains that his legal mail has been withheld, and he never received the defendants' response to his motion for appointment of counsel, interfering with his ability to file an appropriate reply.

Plaintiff has failed to name the individuals who allegedly interfered with his legal mail. He requested and was granted an extension of time to reply to the defendants' response to his motion for appointment of counsel [Docket No. 66], and he filed his reply on December 20, 2010 [Docket No. 67]. Therefore, this motion also is moot.

**ACCORDINGLY,** plaintiff's motions for temporary restraining orders [Docket Nos. 51, 60, and 65] are DENIED. The defendants' motions to dismiss for failure to exhaust administrative remedies [Docket Nos. 34 and 37] are GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE. All other pending motions are DENIED as moot.

**IT IS SO ORDERED** this 31st day of March 2010.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**