FILED DEC 18 2012 — WILLIAM B. GUTHRIE, Clerk, U.S. District Court, By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

EZEKIEL DAVIS, )
 )
    Plaintiff, )
 )
v. )   No. CIV 09-466-RAW-SPS
 )
CORRECTIONS CORPORATION )
OF AMERICA, et al., )
 )
    Defendants. )

## OPINION AND ORDER

The court dismissed plaintiff's civil rights complaint for his failure to exhaust the administrative remedies for his claims. The Tenth Circuit Court of Appeals found "the prison grievance process did not make an administrative remedy available to Plaintiff" and reversed this court's decision. *Davis v. Corr. Corp. of Am.*, Nos. 11-7027 & 11-7044, slip op. at 4-5 (10th Cir. Feb. 22, 2012). The remaining defendants, Jim Keith, Sada Jones, Chief Cotton, Rebecca Adams, and Corrections Corporation of America, have filed a motion to dismiss or for summary judgment (Docket No. 118), and plaintiff filed a response (Docket No. 123). At the direction of the court, the defendants filed a reply (Docket No. 142), and plaintiff filed a surreply (Docket No. 146).

Plaintiff, an inmate who is incarcerated at Davis Correctional Facility (DCF), alleged in his complaint that on or about May 28, 2009, he was moved to a cell at DCF where Inmate Radford Maybery was housed. Plaintiff contends the placement was made in retaliation for his prior litigation and to try to affect his chance for parole or his transfer to a lower security facility. Maybery allegedly had mental problems, and plaintiff claims that after a few weeks, Maybery made sexual advances toward him. Plaintiff warned Maybery to stay away from him and submitted a Request to Staff. He also reported to DCF officials that Maybery had talked about suicide, and Maybery had said he had a dream in which he killed plaintiff. Although plaintiff believes Maybery had HIV or AIDS, plaintiff was forced to remain in the cell with him, placing plaintiff in danger and under duress for three months.

Defendant Sada Jones alleged in an affidavit in the special report (Docket No. 33-2 at 2-4) that plaintiff requested to be housed with Inmate Maybery, but on June 24, 2009, she received a Request to Staff from plaintiff stating that Maybery was talking about killing himself and of dreaming about killing plaintiff. She claims she went to the cell to talk to plaintiff, instead of responding in writing. When she repeatedly asked plaintiff if he wanted to be moved from his cell, he allegedly said he had resolved the problems with his cellmate. Jones maintains that if plaintiff had requested a move, she would have granted it. In September 2009 Maybery allegedly asked to move to another cell, and the move was allowed. Plaintiff alleges he did not request to share a cell with Maybery (Docket No. 44 at 9), and the defendants could not locate the purported Request to Staff when ordered by the court to produce it (Docket No. 75 at 4).

Plaintiff was moved to another cell, and on October 5, 2009, he wrote a letter to Maybery's new cellmate, warning of Maybery's HIV or AIDS status. Maybery learned of the letter and reported to Defendant Jones that plaintiff had raped him. Plaintiff told Jones he had never had sexual contact with Maybery. Plaintiff was placed under investigation by the Department of Corrections Internal Affairs, and his incoming and outgoing mail was withheld because of the rape accusation. He asserts the DCF officials were deliberately indifferent to his safety concerns regarding Maybery, but the same officials promptly reacted to Maybery's false rape claim.

The record shows that plaintiff submitted approximately five informal complaints about his housing assignment, but, in violation of the DOC's grievance policy, he never received a written response. *Davis v. Corr. Corp. of Am.*, Nos. 11-7027 & 11-7044, slip op. at 3 (10th Cir. Feb. 22, 2012). His formal grievances were rejected, because he did not have written responses to his informal complaints. *Id.*

**Standard of Review**

The defendants have moved the court for dismissal of this action or in the alternative for summary judgment. Having moved for summary judgment in their favor, the movants are required to show "there is no genuine dispute as to any material fact and the movant is

2

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Summary judgment is not appropriate if there exists a genuine material factual issue such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51 (1986). Plaintiff, as "the nonmoving party may not rest on [his] pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which [he] carries the burden of proof." *Applied Genetics Int'l. v. First Affiliated Sec., Inc.*, 912 F.2d 1238 (10th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). In this regard, all evidence of the nonmoving party is deemed true, and all reasonable inferences are drawn in favor of the nonmoving party. *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 114, 158-59 (1970)). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. With these standards in mind, the court turns to the merits of the defendants' motion.

**Defendants Jim Keith and Corrections Corporation of America**

Defendants Jim Keith and Corrections Corporation of America assert that plaintiff has made no allegations of their personal participation, and plaintiff has not contested this claim. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). Further, "[s]ection 1983 will not support a claim based on a respondeat superior theory of liability." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Here, the court agrees that there are no allegations of personal participation with respect to these two defendants. Therefore, Defendants Jim Keith and Corrections Corporation of America are dismissed from this action.

**Defendants Sada Jones, Chief Cotton, and Rebecca Adams**

*Count 1*

Plaintiff alleges in Count 1 of his complaint that the defendants violated his First and Fourteenth Amendment rights by failing to follow the facility's grievance policy. Defendants Sada Jones, DCF Unit Manager; Chief Cotton, DCF Chief of Security; and Rebecca Adams,

3

DCF Secretary and Grievance Coordinator, allege plaintiff has failed to state a claim upon which relief can be granted for this issue. It is well established that prisoners have no liberty interest in prison grievance procedures. *See Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (unpublished) (citing *Bingham v. Thomas*, 654 F.3d 1171, 1177–78 (11th Cir. 2011), and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (per curiam)). Further, plaintiff's allegations do not establish that any prison official interfered with his First Amendment rights. Therefore, Count 1 of the complaint fails.

*Count 2*

Plaintiff claims in Count 2 that the defendants violated his Eighth Amendment rights by intentionally placing his life in danger when he was forced to cell with Inmate Maybery. He alleges Defendant Jones deliberately ignored his pleas to move to another cell, and Defendant Cotton also refused to move him to another cell. He further claims Defendant Cotton is related by marriage to Inmate Maybery. Plaintiff made no allegations against Defendant Adams in this claim, so she is dismissed for lack of personal participation. *See Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants").

The Tenth Circuit Has articulated the standards governing Eighth Amendment claims by prisoners as follows:

> The Eighth Amendment requires prison officials to "provide humane conditions of confinement," which includes taking "reasonable measures to guarantee the safety of inmates." *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). An inmate claiming that officials failed to prevent harm first "must show that [he] is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. Then [he] must demonstrate that the officials had a "'sufficiently culpable state of mind,'" *id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1993))--that is, their acts or omission arose from "deliberate indifference to inmate health or safety." *Id.* (internal quotation marks and citation omitted). Declining to adopt an objective definition of deliberate indifference, the *Farmer* Court held that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety." *Id.* at 837. "'[D]eliberate indifference' is a stringent standard of fault." *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410 (1997). "A showing of simple or even heightened negligence will not suffice." *Id.* at 407.

4

*Giron v. Corrections Corp. of Am.*, 191 F.3d 1281, 1285-86 (10th Cir. 1999).

The defendants argue there is no evidence that plaintiff was placed in a constitutionally unsafe situation, and he has not demonstrated an actual injury. They further contend his claim for compensatory damages is barred by the PLRA, because he has not shown a physical injury, as required by 42 U.S.C. § 1997e(e).[1] The PLRA limits an inmate's ability to recover compensatory damages for nonphysical harms such as mental or emotional injuries. *Searles v. Van Bebber*, 251 F.3d 869, 875-77 (10th Cir. 2001). *See also Lawson v. Engleman*, 67 Fed. Appx. 524 526-27 (10th Cir. 2003) ("We conclude that [the damages] claim was properly dismissed. While claims for mental and emotional distress are cognizable under § 1983, under § 1997e(e) 'such a suit [by a prisoner] cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms.'") (citation omitted)). The *Searles* court also held, however, that in the absence of a showing of physical injury, § 1997e(e) does not bar recovery of nominal or punitive damages for a constitutional violation. *Searles*, 251 F.3d at 878-79.

After careful review of the record, the court finds there are genuine issues of material fact with regard to Count 2 of the complaint. While Defendant Jones claims in her unsupported affidavit that plaintiff requested to share a cell with Inmate Maybery, plaintiff insists he never made that request. Instead, he maintains the placement was made in retaliation for his previous litigation, which allegedly resulted in some of Jones' friends being fired. The defendants assert that plaintiff implied he requested to cell with Maybery in a statement regarding Maybery's rape accusation (Docket No. 75 at 4). The pertinent part of the statement reads:

> I have never had <u>any</u> sexual contact with Inmate Maybery, and immediately after moving into the cell I recognized my mistake when Inmate Maybery started to make sexual advances toward me, violating the prior agree [sic] that he would not expect sexual activity from me, three weeks into the move Inmate Maybery started up and I requested to move.

---

[4] "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

5

(Docket No. 75-3 at 2). While the defendants claim this statement implies that plaintiff and Maybery agreed to be celled together and had requested the placement, the court finds it does not necessarily have that meaning.

In addition to the conflicting versions of why plaintiff was celled with Maybery, plaintiff and Defendant Jones disagree on whether plaintiff told her he had resolved his conflict with Maybery. Plaintiff claims Jones ignored his June 24, 2009, request to move from his cell. Jones, however, alleges she did not respond to the request in writing and she discarded it, because she thought the issue was settled. Because of the genuine issues of material fact, the court finds summary judgment cannot be granted for Count 2.

**ACCORDINGLY,**

1. Defendants Jim Keith and Corrections Corporation of America are DISMISSED for lack of personal participation;

2. Defendants Sada Jones, Chief Cotton, and Rebecca Adams' motion for summary judgment is GRANTED with respect to Count 1 of the complaint.

3. Defendant Rebecca Adams is DISMISSED from Count 2 of this action for lack of personal participation.

4. Defendants Sada Jones and Chief Cotton's motion for summary judgment is DENIED with respect to Count 2 of the complaint.

5. The scheduling order entered on March 15, 2012, is stricken.

6. All other pending motions are DENIED with leave to re-urge, if appropriate, after completion of a settlement conference.

**IT IS SO ORDERED** this _18th_ day of December 2012.

_Ronald A. White_
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

6